IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENT BELL,      *

   Petitioner,      *

v.      *      Civil Action No. GLR-19-2470

RICHARD DOVEY[1], et al.,      *

   Respondents.      *

***

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Kent Bell's Petition for Writ of Habeas Corpus.[2] (ECF No. 1). The Petition is ripe for review, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018); Rule 8 Governing Section 2254 Proceedings in the United States District Courts ["R. Govern. § 2254"]; see Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting habeas petitioner not entitled to a hearing). For the reasons set forth below, the Petition will be denied and dismissed, and the Court will decline to issue a certificate of appealability.

## I.     BACKGROUND

On March 5, 2013, after a two-day jury trial in the Circuit Court of Montgomery County, Maryland, Bell was convicted of sexual abuse of a minor, second-degree sexual

---

[1] The Court will direct the Clerk to amend the docket to show Respondent is Richard Dovey, the Warden of the Maryland Correctional Training Center where Bell is incarcerated.

[2] Also pending before the Court is Bell's Motion for Legal Documents (ECF No. 13). Because the Court will dismiss Bell's Petition as time-barred, the Court will deny Bell's Motion.

offense, and two counts of third-degree sexual offense. (State Record ["SR"] at 15, ECF No. 7-1). On July 12, 2013, the court sentenced Bell to forty-nine years of imprisonment, to be served concurrent to a state sentence imposed by a court in New Jersey. (Id. at 20).

Bell appealed his conviction to the Maryland Court of Special Appeals on July 16, 2013, arguing that his constitutional right to a speedy trial was violated and that the trial court erred by failing to discharge one of the jurors for cause. (Id. at 21, 45–136). On January 21, 2015, by unreported opinion, the Court of Special Appeals rejected Bell's claims and affirmed his convictions. (Id. at 137–52); see also Kent Martin Bell v. State of Maryland, No. 1150, Sept. Term 2013 (filed Jan. 21, 2015). The Court of Special Appeals' mandate issued on February 20, 2015. (SR at 153). Bell subsequently filed a petition for writ of certiorari with the Maryland Court of Appeals on February 23, 2015. (Id. at 22). The Court of Appeals denied Bell's cert petition on April 20, 2015. (Id.). Bell did not seek further review in the United States Supreme Court.

On June 8, 2016, Bell filed a pro se petition for post-conviction relief in the Circuit Court of Montgomery County, which was later supplemented by his counsel. (Id. at 23, 28). At the conclusion of a hearing, the circuit court denied post-conviction relief from the bench on September 26, 2018. (Id. at 29; see also Pet. Exs. at 11–20, ECF No. 1-1). Before a written order memorializing the ruling was docketed, Bell filed a pro se application for leave to appeal on October 11, 2018. (SR at 29, 218). On November 7, 2018, the circuit court entered an order memorializing the denial of post-conviction relief and incorporating

2

a transcript of its oral ruling at the post conviction hearing as its statement of reasons. (Id. at 30; see also Pet. at 11, ECF No. 1).

Bell's application for leave to appeal was docketed in the Maryland Court of Special Appeals on November 19, 2018. (SR at 30). On March 8, 2019, the Court of Special Appeals summarily denied Bell's application for leave to appeal in a per curiam decision. (Pet. at 23–24). The Court of Special Appeals' mandate issued on April 9, 2019. (SR at 229).

On June 4, 2019, nearly two months after the Court of Special Appeals issued its mandate, Bell filed a petition for certiorari in the Maryland Court of Appeals.[3] (Id. at 236–37, 240). On July 26, 2019, the Court of Appeals dismissed Bell's petition "on the grounds of lateness." (Id. at 241); see also Bell v. State, 212 A.3d 398 (Md. 2019) (table).

On August 20, 2019, Bell, proceeding pro se, filed his federal habeas Petition pursuant to 28 U.S.C. § 2254, challenging his conviction for sexual abuse of a child, second degree sex offense, and related offenses.[4] (ECF No. 1). On October 15, 2019, Respondents

---

[3] By statute, the Court of Appeals lacks jurisdiction to review a summary denial of leave to appeal by the Court of Special Appeals. See Md. Code Ann., Cts. & Jud. Proc. § 12-202(1); see also Stachowski v. State, 6 A.3d 907, 913–18 (Md. 2010). In addition, to the extent that review in the Court of Appeals can be sought, it must be done by filing a petition for writ of certiorari within, at the latest, fifteen days after issuance of the Court of Special Appeals' mandate. See Md. Rule 8-302(a).

[4] Although Bell's Petition was docketed on August 26, 2019, the Petition itself was signed and dated on August 20, 2019. (See Pet. at 7). Therefore, the Petition is deemed filed as of August 20, 2019. See R. 3(d) Govern. § 2254 (mandating prison-mail box rule); Houston v. Lack, 487 U.S. 266 (1988).

filed an Answer seeking dismissal of the Petition as untimely filed. (ECF No. 6). Bell filed a Reply on November 5, 2019. (ECF No. 11).

## II.     DISCUSSION

**A.     <u>Statute of Limitations</u>**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. <u>See</u> 28 U.S.C. § 2244(d)(1); <u>Wall v. Kholi</u>, 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. <u>See id.</u> § 2244(d)(1)(A)–(D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

4

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

The one-year period is tolled statutorily while properly filed post-conviction proceedings or other collateral review are pending. See 28 U.S.C. § 2244(d)(2); see also Wall, 562 U.S. at 549; Holland v. Florida, 560 U.S. 631, 650–51 (2010); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Further, the statute of limitations may be subject to equitable tolling under "extraordinary circumstances." Holland, 560 U.S. at 634. To be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by respondent contributed to his delay in filing or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. Equitable tolling is available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris, 209 F.3d at 330). Thus, a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The date the judgment of conviction became final is the relevant date to begin the running of the one-year limitations period. Bell's conviction became final on July 20, 2015—ninety days after the Court of Appeals denied Bell's petition for certiorari—when the time to file a petition for certiorari in the Supreme Court expired. See S.Ct. Rule 13.1; see also Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (noting that, if discretionary review

in the state court of last resort is sought, the conviction "becomes final . . . when the time for pursuing direct review in [the Supreme] Court . . . expires").

Between July 20, 2015 and June 8, 2016 (i.e., the date Bell filed his petition for post-conviction relief in the circuit court), 324 days of the one-year limitations period elapsed. At that point, forty-two days remained in the limitations period. The limitations period was tolled until April 9, 2019 (i.e., the date the Court of Special Appeals issued its mandate denying Bell's application for leave to appeal). The limitations period began running again that day and expired forty-two days later on May 21, 2019. Bell did not file his federal petition until August 20, 2019. By then, the limitations period had expired. Accordingly, Bell's Petition is untimely.[5]

Bell states that his counsel advised him he would have to exhaust his state remedies before filing his federal habeas petition and that he had one year to file for habeas corpus relief "when there is no unreported opinion." (Pet. at 5; Reply at 1, ECF No. 11). Notably, however, Bell does not explain how this advice, or some wrongful conduct by Respondents or circumstances beyond his control, caused his late filing. To the extent Bell attributes his late filing to purported ineffective assistance of counsel, ordinary attorney negligence is

---

[5] Respondents correctly note that Bell's previously filed habeas petition in Kent Bell v. Warden, Civ. No. GLR-16-1068 (D.Md. 2016), did not toll the limitations period. (Answer at 21, ECF No. 6). An "application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and so § 2244(d)(2) does "not toll the limitation period during the pendency of [an earlier-filed] federal habeas petition." Duncan v. Walker, 533 U.S. 167, 181–82 (2001). On October 7, 2016, this Court dismissed the Petition in GLR-16-1068 without prejudice for failure to exhaust state-court remedies.

insufficient to justify tolling of the limitations period. See Holland, 560 U.S. at 652; see also Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction[.]"). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland, 560 U.S. at 644). Bell alleges no facts to establish ineffective assistance, must less such egregious abandonment. Further, to the extent Bell contends the delay in filing was due to his own lack of familiarity with the law, including the calculation of the limitations period, he does not assert extraordinary circumstances warranting equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Because no grounds exist for equitable tolling, Bell's Petition will be dismissed as time-barred.

**B.     Certificate of Appealability**

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. R. 11(a) Govern. § 2254. Because the accompanying Order is a final order adverse to the applicant, Bell must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). Where, as is the case here, a petition is denied on procedural grounds, the petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the

petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Bell has not made the requisite showing, the Court will decline to issue a certificate of appealability. Bell may request a certificate from the United States Court of Appeals for the Fourth Circuit. See Fed.R.App.P. 22(b); Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III. CONCLUSION

For the foregoing reasons, Bell's Petition for Writ of Habeas Corpus (ECF No. 1) will be denied and dismissed as time-barred under 28 U.S.C. § 2244(d) and a certificate of appealability shall not issue. A separate Order follows.

Entered this 7th day of April, 2020.

_____/s/_____
George L. Russell, III
United States District Judge